James D. BISHOP, individually, and as Secretary-Treasurer of District Council No. 9, International Brotherhood of Painters and Allied Trades, AFL–CIO; and Morris Saperstein, Dominick Varrone, John Connelly and John Marizzi, Plaintiffs,

v.

William A. DUVAL, individually, and as President of the International Brotherhood of Painters and Allied Trades, AFL–CIO, and Robert Petersdorf, individually, and as General Secretary-Treasurer of the International Brotherhood of Painters and Allied Trades, AFL–CIO, Defendants.

No. 84 Civ. 4721–CSH.

United States District Court, S.D. New York.

July 12, 1984.

Michael F. Dennis, Mineola, N.Y., for plaintiffs.

Barr & Peer, Washington, D.C., Cohen, Weiss & Simon, New York City, for defendants; David S. Barr, Washington, D.C., Franklin K. Moss, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge.

■ Defendants' motion to dismiss the complaint is granted on the authority of *Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers v. Crowley,* — U.S. —, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984).

*Crowley* undertakes to decide "whether suits alleging violations of Title I [of the Labor-Management Reporting and Disclosure Act of 1959] may properly be maintained in district court during the course of a union election." — U.S. at —, 104 S.Ct. at 2559. The Court framed its answer in broad terms:

"If the remedy sought is invalidation of the election already being conducted with court supervision of a new election, then union members must utilize the remedies provided by Title IV. For less intrusive remedies sought during an election, however, a district court retains authority to order appropriate relief under Title I." *Id.* at —, 104 S.Ct. at 2571.

A further discussion of those "less intrusive remedies" which may be asserted under Title I appears at — U.S. —, 104 S.Ct. 2568:

"Individual union members may properly allege violations of Title I that are easily remediable under that title without substantially delaying or invalidating an ongoing election."

Justice Brennan's opinion in *Crowley* does not attempt an all-embracing definition of "an ongoing election." The present plaintiffs stress that in *Crowley,* the election of union officers was accomplished by the mailing of election ballots to all members of the union, who were instructed to mark and return the ballots by mail. Prior to the mailing of the ballots, union members had been nominated at a separate meeting held for the purpose. The district court action, alleging Title I violations, was filed after the election ballots had been distributed, but before some of the ballots had been returned or any of them had been counted.

It is true that the facts in the case at bar are different. In large part that results from differences in the pertinent provisions of the constitution of the union in the case at bar, the International Brotherhood of Painters and Allied Trades, AFL–CIO. The general officers of the union are elected at general conventions which are held every five years. At the general convention, officers are both nominated and elected by delegates to the convention. The delegates are elected in turn by the several local unions which comprise the international union. The election of delegates is governed by Section 29(a) of the international union's constitution. That section provides:

"All delegates shall be elected by secret ballot by their respective unions during the month of May preceding the General Convention. Nominations shall be held one meeting prior to the election meeting. Notice of the nomination and election meeting shall be given the membership at least 5 days prior to the nomination date and 15 days prior to the election date."

The next General Convention of the international union will take place in Washington, D.C. on August 12, 1984. In compliance with Section 29(a) of the constitution, the delegates to the convention from the local unions were nominated during April, 1984, and elected during May, 1984. These delegates are the individuals who, unless this Court intervenes at plaintiffs'

**18**

behest, will first nominate and then elect the general officers of the international union at the General Convention.

I have gone into some detail concerning the electoral machinery of the international union because it makes it clear that, by any practical or realistic criterion, I am confronted in this case with "an ongoing election." The election of delegates—those very individuals who within the compressed confines of the General Convention will both nominate and elect officers—is an integral part of the process of electing union officers. Given the broad policy considerations underlying *Crowley*, the differing electoral procedures used in that case have no significance in law.

Plaintiff's complaint asks that the Court enjoin defendants from holding the General Convention unless and until the procedural errors which plaintiffs perceive in delegate representation and voting are remedied. In aid of that relief, I am asked to direct that the local unions "hold new elections to elect such additional delegates as they may be entitled to based upon a proper membership count," complaint, p. 8, first prayer for relief. Obviously I cannot grant such an order "without substantially delaying ... an ongoing election." One cannot imagine a more "intrusive" remedy. Assuming without deciding that plaintiffs state Title I claims (which defendants also dispute), the rationale of *Crowley* forecloses jurisdiction in this Court, and relegates plaintiffs to the exclusive remedies provided by Title IV of the statute.

Accordingly this Court lacks jurisdiction. I intimate no view as to the underlying merits.

 Defendants ask for attorneys' fees on the theory that the suit was frivolous and brought for the purpose of vexation. While I have concluded that the factual differences between *Crowley* and the case at bar do not alter the legal result mandated by *Crowley*, plaintiffs' position was an arguable one, and in those circumstances I make no order for costs or fees.

The Clerk of the Court is directed to dismiss the complaint on jurisdictional grounds, without prejudice to the underlying merits, and without costs.

It is SO ORDERED.